UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

| No. | 5:20-cv-00801-ODW (SPx) | Date | August 11, 2020 |
|---|---|---|---|
| Title | *David Lopez v. LAF4LT Holdings, LP et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings:**  **In Chambers**

On July 31, 2020, the Court ordered Plaintiff to show cause, in writing only, no later than August 7, 2020, why the Court should not dismiss this action based on Plaintiff's failure to serve the Complaint within the period required by Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"). (ECF No. 12.) The Court's July 31, 2020 Order explained that the Court would discharge that Order upon the filing of a timely proof of service or a demonstration of good cause why timely service has not been made, supported by declaration under penalty of perjury. (ECF No. 12.) The Court's July 31, 2020 Order further explained that failure to timely respond to that Order may result in the dismissal of the action without further warning. (ECF No. 12.)

On August 7, 2020, Plaintiff's counsel filed a declaration explaining that Plaintiff apparently named the wrong Defendant in his Complaint (ECF No. 1), and that Plaintiff's counsel "has been in communication with opposing counsel and are working towards dismissing Defendant LAF4LT HOLDINGS, L.P. and naming the appropriate Defendant." (Decl. of Timothy G. McFarlin ¶ 5, ECF No. 14.) Plaintiff's counsel also declared that "Opposing counsel has yet to provide [Plaintiff] with the corporate entity of the new Defendant. Upon amending the complaint, [Plaintiff] will ensure the new Defendant is properly served. In the alternative, if [Plaintiff] do[es] not hear back . . . [Plaintiff] will proceed to serve Defendant." (McFarlin Decl. ¶ 6.)

Plaintiff has not filed a timely proof of service, nor has Plaintiff demonstrated good cause for why timely service has not been made. Although Plaintiff's counsel did file a written declaration under penalty of perjury, counsel's declaration does no more than explain that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 5:20-cv-00801-ODW (SPx) | Date | August 11, 2020 |
|---|---|---|---|
| Title | *David Lopez v. LAF4LT Holdings, LP et al.* | | |

nobody has been served.  Plaintiff's deadline to serve the Complaint under Rule 4(m) expired nearly a month ago.  Opposing counsel's failure to inform Plaintiff of who he should sue does not constitute good cause for Plaintiff's failure to meet that deadline.  As Plaintiff's counsel acknowledges, Plaintiff could have served Defendant LAF4LT HOLDINGS, L.P., whom Plaintiff named in the Complaint.

Consequently, the Court **DISMISSES** Plaintiff's Complaint **without prejudice** for failure to serve Defendants within 90 days after the Complaint was filed and for failing to show good cause for the failure.  *See* Fed. R. Civ. P. 4(m).  The Clerk of the Court shall close the case.

```
                                                        :     00
                              Initials of Preparer    SE
```